IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GAMALIEL PADRÓ-SANTANA,<br><br>Defendant. | CRIMINAL NO. 18-018 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant Gamaliel Padró-Santana was charged in a three-count Indictment and he agreed to plead guilty to Counts One and Two. Count One charges Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). Count Two charges Defendant with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On January 15, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through Defendant's statement his age,

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty

<u>United States of America v. Gamaliel Padró-Santana</u>
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 2

education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Counts One and Two, he was examined and verified as being correct that he had consulted with his counsel, AFPD Joannie Plaza, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-

---

(Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Gamaliel Padró-Santana</u>
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 3

examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact, if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The maximum statutory penalty for the offense charged in Count One is a term of imprisonment of not less than five (5) years and up to life in prison, pursuant to Title 18, <u>United States Code,</u> Section 924(c)(1)(A)(i); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, <u>United States Code</u>, Section 3571(b)(3); and a supervised release term of not more than five (5) years, pursuant to Title 18, <u>United States Code</u>, Sections 3559(a)(1)

United States of America v. Gamaliel Padró-Santana
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 4

and 3583(b)(1).

The maximum penalty for the offense charged in Count Two (based on less than 28 grams or more of a mixture of substance containing a detectable amount of cocaine base) is a term of imprisonment of not more than twenty (20) years, pursuant to Title 21, United States Code, Section 841(b)(1)(C); a fine not to exceed one million dollars ($1,000,000.00), pursuant to Title 21, United States Code, Section 841(b)(1)(C); and a supervised release term of at least three (3) years, pursuant to Title 21 United States Code, Section 841(b)(1)(C).

Defendant understands that the penalty to be imposed for Count One is to run consecutive to the penalty imposed on Count Two.

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A), for a total of two hundred dollars ($200.00).

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to Defendant the content of the "Plea

United States of America v. Gamaliel Padró-Santana
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 5

     Pursuant to said Agreement, and insofar as Counts One and Two, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

     The above-captioned parties' estimate an agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Count One of the Indictment carries a mandatory minimum consecutive term of imprisonment of sixty (60) months, to run consecutively to the sentence imposed for Count Two.

     As to Count Two, pursuant to USSG §2D1.1(c)(9), the base offense level for more than 22.4 but less than 28 grams of cocaine base, is of twenty-two (22). Pursuant to USSG §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the total offense level is of nineteen (19), which yields an imprisonment range of thirty (30) to thirty-seven (37) months if Criminal History Category is I; thirty-three (33) to forty-one (41) months if Criminal History Category is II; thirty-seven (37) to forty-six (46) months if Criminal History Category is III; forty-six (46) to fifty-seven (57) months if Criminal History Category is IV; fifty-seven (57) to seventy-one (71) months if Criminal

---

Agreement Supplement" and explained to Defendant its consequences.

History Category is V; sixty-three (63) to seventy-eight (78) months if Criminal History Category is VI.

The parties do not stipulate as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to recommend as to Count One a sentence of imprisonment of sixty (60) months, which will run consecutive to the sentence of imprisonment imposed for Count Two.

The parties agree to recommend as to Count Two a sentence of imprisonment of at the lower end of the Guidelines for a Total Adjusted Offense Level of 19 and a Criminal History Category as determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553 – other than any explicitly provided for in the Plea and Forfeiture Agreement-- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in the Plea and Forfeiture Agreement will be considered a material breach of the Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

<u>United States of America v. Gamaliel Padró-Santana</u>
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 7

At sentencing, should Defendant comply with the terms of the Plea and Forfeiture Agreement, the Government will move to dismiss Count Three in the pending Indictment.

Pursuant to Title 18, <u>United States Code</u>, Section 924(d) and Title 28, <u>United States Code</u>, Section 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereinafter, collectively, the "Property"), that is, a Smith & Wesson pistol (9mm caliber, serial number SW9VE) and 3 rounds of ammunition. Defendant acknowledges that he possessed the Property in violation of Title 18, <u>United States Code</u>, Section 924(c), as set forth in Count One of the operative Indictment, and that the Property is therefore subject to forfeiture to the United States.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

<u>United States of America v. Gamaliel Padró-Santana</u>
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 8

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.

Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney. Defendant then positively stated that what was contained in Counts One and Two was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Counts One and Two of the Indictment in Criminal No. 18-018 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Indictment in Criminal No. 18-018 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for May 20, 2020 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792

<u>United States of America v. Gamaliel Padró-Santana</u>
Criminal No. 18-018 (GAG)
Report and Recommendation
Page 10

F.2d 4 (1st Cir. 1986).  See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

      In San Juan, Puerto Rico, this 15th day of January of 2020.

                      s/ CAMILLE L. VELEZ-RIVE
                      CAMILLE L. VELEZ-RIVE
                      UNITED STATES MAGISTRATE JUDGE